UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : Case No. 1:21-cr-605(2) (RC) |
| **AARON JAMES, ROBERT** | : |
| **WESTBURY and** | : |
| **ISAAC WESTBURY, Defendants.** | : |

### DEFENDANTS AARON JAMES' ISAAC WESTBURY'S, JONAH WESTURY'S AND ROBERT WESTBURY'S EMERGENCY NOTICE REGARDING THE UNITED STATES' UNCONSTITUTIONAL THREATS TO RETALIATE AGAINST DEFENDANTS FOR DECLINING PLEA OFFER

COMES NOW Defendants AARON JAMES, ISAAC WESTBURY, JONAH WESTBURY, and ROBERT WESTBURY ("the Westurys" or "the defendants") by and through counsel, with this emergency notice to the Court that the United States has unlawfully threatened to retaliate against the defendants.

On March 20, the Assistant US Attorney sent the following email to defendants' attorneys:

Hi Bill and John,

Just following up on our emails on February 10 and March 3 offering to conduct a "reverse proffer" with the Westbury defendants and proposing plea agreements. Our plea offers expire today, March 20.

Based on your non-response, we anticipate telling Judge Contreras at Friday's status conference that (1) the defendants have been offered, but do not wish to participate

in, a "reverse proffer"; (2) the defendants each have been offered plea agreements but have rejected those offers; (3) we intend to propose superseding indictments to USAO management to include the uncharged conduct of Isaac Westbury and Aaron James described in our reply brief related to the motion to revoke Aaron James's release; and (4) we wish to have the Court issue a scheduling order for a fall 2023 trial date.

Jordan A. Konig

Supervisory Trial Attorney, U.S. Department of Justice, Tax Division

Detailed to the U.S. Attorney's Office for the District of Columbia

Cell: (202) 598-7006

Office: (202) 305-7917

Jordan.A.Konig@usdoj.gov

Then the United States followed up at the March 24 status conference by repeating the same set of threats.  It should be noted (for what its worth) that the "plea offer" extended by the United States consists of an offer for Isaac Westbury and Aaron James to agree that they 'assaulted federal officers with a "deadly and dangerous weapon"' (a plastic shield), with sentencing enhancements for "dangerous weapon used" (a plastic shield) and for "creating substantial risk of serious bodily injury" (for merely holding up a plastic shield on Jan. 6).  These preposterous enhancements would put Isaac and Aaron in a 46 to 57 month prison range!

**The government's threats to retaliate against defendants who refuse plea "offers" are plainly unconstitutional.**

In *United States v. Velsicol Chemical Corp.*, 498 F. Supp. 1255 (D.D.C. 1980), Judge Parker ordered dismissal of an indictment used as retaliation by the DOJ against a defendant where the United States threatened the defendant with new charges if the defendant didn't plead guilty.  The defendant in *Velsicol Chemical Corp.* angered federal prosecutors by declining to plead guilty; instead pleading no contest and refusing to 'confess' to the allegations.

Vindictiveness principles are triggered when a prosecutor without notice increases the possible sanction severity for no valid reason after the defendant has exercised a procedural right. (See *United States v. Andrews* (6th Cir. 1980), 633 F.2d 449 (6th Cir. 1980) (en banc); *United States v. Ruesga-Martinez* (9th Cir. 1976), 534 F.2d 1367; *United States v. Gerard* (9th Cir. 1974), 491 F.2d 1300; *United States ex rel. Williams v. McMann* (2d Cir. 1970), 436 F.2d 103, *cert. denied* (1971), 402 U.S. 914 (1971).

**The government's alleged "new information" was known by the government over half a year ago.**

The AUSA has referenced "new information" underlying the government's proposals to file superceding indictments against defendants. But the same AUSA was on a conference call with defense counsel some 7 or 8 months ago when this alleged "new information" (which appears to be little more than previously unreleased video angles involving Isaac and/or Aaron Westbury). It is only now—after "plea negotiations" involving the government's preposterous offers have been (quite properly) rejected—that the government is formally moving to seek superceding indictments.

Defendants pray for this Court to take notice of the government's treachery, bad faith and perfidy.

RESPECTFULLY SUBMITTED,

/s/ John Pierce

an email thread we had with [prior defense counsel] Mr. Conte beginning in early November 2022." "That thread reflects that in/around November 9, 2022, I reached out to Mr. Conte to (1)

notify him that additional case investigation revealed at least one additional assault and we were likely going to supersede on the indictment on that basis, and (2) discuss trial dates, given the Court had required us to provide it with an update on whether a plea was likely or, if not, potential trial dates."

"Then," according to the AUSA, "we notified the Court and Mr. Thomas on the record during the November 21, 2022 status conference that we were intending to supersede, and the Court specifically contemplated the second superseding indictment when it set a March 2023 trial date." "Mr. Thomas would be hard-pressed to show he is owed a presumption of vindictiveness prior to trial," claimed the federal prosecutor, citing *United States v. Goodwin*, 457 U.S. 368, 381–82 (1982).

Contrary to the government's suppositions, the government's imposition of additional charges upon Thomas when it became clear that Thomas intended to defend himself does indeed invoke the presumption that the government acted in retaliation.

Although "a mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule," wrote the Supreme Court in *Goodwin*, cases which "pose a realistic likelihood of vindictiveness" do indeed invoke such a presumption. *Goodwin*, at 384. The due process clause prohibits the government from punishing a person because he has done what the law plainly allows him to do. *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 668, 54 L.Ed.2d 604. In a series of cases beginning with North Carolina v. Pearce and culminating in Bordenkircher v. Hayes, the Court has recognized this basic—and itself uncontroversial—principle.  For while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right.

For these reasons the additional charges against Thomas imposed in the December 14, 2022 superceding indictment must be dismissed as violative of the due process clause.

Blackledge v. Perry, 417 U.S. 21(1974) (vindictive prosecution prohibited)

Dated: April 02, 2023                                  Respectfully Submitted,
                                                        /s/ John M. Pierce
                                                       John M. Pierce
                                                       **JOHN PIERCE LAW P.C.**

                                                       21550 Oxnard Street
                                                       3rd Floor, PMB 172
                                                       Woodland Hills, CA 91367
                                                       Tel: (213) 279-7846
                                                       jpierce@johnpiercelaw.com
                                                       *Attorney for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on April 02, 2023, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.
*/s/John M. Pierce*

John M. Pierce, Esq.