UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | : | | |
| | : | | |
| v. | : | Case Nos. | **21-cr-605 (RC)** |
| | : | | **21-cr-371 (RC)** |
| **ISAAC WESTBURY, et al.,** | : | | |
| | : | | |
| **Defendants.** | : | | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'
MOTION *IN LIMINE* TO PRECLUDE "RAINDROP THEORY"**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this partial opposition to the defendants' motion to preclude arguing the criminality of the defendants solely upon the acts of others. ECF No. 114 ("Def. Mot.").

The defendants seek an order to limit the government from introducing evidence or making arguments of three different theories. *Id*. at 5. First, that the defendants could be guilty of crimes committed by others. Second, that the defendants could be guilty of *merely* witnessing the crimes of others. And third, that the defendants could be guilty as a 'raindrop' amid a rainstorm of others who cause violence or disruption. The government agrees that it would be improper to argue that the defendants *should* be found guilty based solely on the acts of others. Further, the government agrees that it would be improper to argue that the defendants *should* be found guilty based solely on witnessing the crimes of others. But the government's understanding of the 'raindrop' argument is more nuanced than the defendants give credit.

Although not cited, the 'raindrop theory' stems from the decision in *United States v Rivera*, where Judge Kollar-Kotelly reasoned:

The following metaphor is helpful in expressing what the statute *does* require. Just

as heavy rains cause a flood in a field, each individual raindrop itself contributes to that flood. Only when all of the floodwaters subside is order restored to the field. The same idea applies in these circumstances. Many rioters collectively disrupted Congressional proceedings, and each individual rioter contributed to that disruption. Because [the defendant's] presence and conduct in part caused the continued interruption to Congressional proceedings, the Court concludes that [the defendant] in fact impeded or disrupted the orderly conduct of Government business or official functions.

607 F.Supp.3d 1, 9 (D.D.C. 2022) (emphasis in original).

The 'raindrop theory' has never been used to prove every element of offenses charged in relation to January 6th. Instead, Judge Kollar-Kotelly used the metaphor to illustrate that a defendant's act of 'being a raindrop' contributed to the interruption to Congressional proceedings; one single element of some of the offenses. Phrasing this argument within that theme: the government should not be precluded from arguing that the defendant *was in fact* a raindrop in that storm.

In support of their argument to the contrary, the defendants cite to a case stemming from a civil action against Florida's so-called "anti-riot" law. In that case, Florida enacted a law that criminalized the "willful[] participat[ion]" in a "violent public disturbance." *Dream Defenders v. Desantis*, 559 F. Supp. 3d. 1238, 1270 (N.D. Fla. 2021). In issuing a preliminary injunction against the enforcement of the law, the court determined that the law was unconstitutionally vague and overbroad. *Id.* at 1279-1284. Specifically, the court held that the law could penalize individuals who only stood in the vicinity of a violent public disturbance. *Id.* at 1283 (The law "appears to criminalize mere presence and nothing more. Not disobeying a lawful order, not obstructing justice, not actively joining in violent or destructive conduct.").[1] This broad scope could, in turn,

---

[1] The theoretical defendants contemplated by the *Dream Defenders* court are not comparable to the defendants here. The defendants in this case did more than stand nearby the riot. Rather, they are charged with committing their own crimes independent of the actions of the other participants in the riot.

make "protesters . . . liable for others' violent acts," which would be unconstitutional. *Id.* at 1283-84.

In their motion, the defendants heedlessly expand this prohibition regarding substantive criminal law into the rules of evidence. They argue that in the context of a riot, the actions of others are not relevant to guilt or innocence of an individual defendant or should otherwise be excluded under Fed. R. Evid. 403. Def. Mot. at 1-2.[2] This assertion, however, is simply incorrect. For example, Defendants Isaac Westbury and Aaron James are charged with civil disorder, in violation of 18 U.S.C. § 231(a)(3). To meet its burden as to this offense, the government must prove that these two defendants obstructed, impeded, or interfered with any law enforcement officer in the midst of a civil disorder. *Id.* A civil disorder is defined, in part, as "any public disturbance involving acts of violence by assemblages of three or more persons." 18 U.S.C. § 232(1). Thus, this offense inherently requires evidence of the actions of others for the government to prove its case.

As for the other offenses, the government must show that the defendants *knowingly* took part in their criminal actions. The government intends to show that the defendants surged into the Capitol through the Columbus Doors shortly after rioters breached that entrance, which was guarded by a handful of police officers. Then, when an officer with a riot shield tried to stem the flow of rioters through those doors, Defendant James tried to take the shield from the officer and move the officer away so that other rioters could continue into the Capitol. Later, when Defendants James and Isaac Westbury arrived at the lower west terrace on the opposite side of the Capitol,

---

[2] The defendants' motion never cites to a specific rule of evidence. However, given their request that the Court "preclude evidence, discussion, or argument" of the so-called "raindrop theory" and the actions of others, Def. Mot. at 1, 10, the government assumes that the defendants mean to invoke Fed. R. Evid. 401 and 403.

they aided other rioters in their assault of police officers. And that it was this *knowing*, collective action that caused the disruption and interruption of the Congressional proceedings.

The government agrees with the defendants that the focus of the factfinder's inquiry at the defendants' trial should be the actions of the defendants themselves; however, the government disagrees that the factfinder must remain blind to what was occurring around the defendants at the time they chose to take part in the interruption of the Congressional proceedings. The existence of the storm is still relevant to determine whether the defendants chose to be a raindrop within it.

Recently in *United States v Gunby*, Judge Friedman denied a similar motion. No. 21-cr-626 (PLF), 2023 WL 4993483 (D.D.C. Aug. 4, 2023). In that case, the defendant asked the Court to prohibit the same arguments and evidence that the defendant asks to be prohibited in this case. In ruling upon the motion, that Court outlined:

> Although [the defendant] is correct that he cannot be punished for offenses committed by others, the government alleges that he himself committed four misdemeanor offenses on January 6, 2021. [The defendant]'s conduct did not occur in a vacuum, and thus the actions of others may be relevant, and indeed necessary, to the government's case against [the defendant]. The government may introduce evidence about the rest of the crowd, and Court [sic] will not circumscribe the government's rhetoric as [the defendant] requests.

*Id.* at *5.

Therefore, the government respectfully requests this Court adopt the same reasoning and deny the Defendants' motion for an *in limine* order precluding certain arguments.

                                                  Respectfully submitted,

                                                  MATTHEW M. GRAVES
                                                  United States Attorney

By:    */s/Andrew Haag*
           Andrew S. Haag
           Assistant United States Attorney
           MA Bar No. 705425
           601 D Street NW, Washington, DC 20530
           (202) 252-7755
           Andrew.Haag@usdoj.gov

           */s/ Cytheria D. Jernigan*
           Cytheria D. Jernigan
           DC Bar No. 494742
           Assistant U.S. Attorney, WDLA
           Detailed to the U.S. Attorney's Office
           for the District of Columbia
           601 D Street NW, Washington, DC 20530
           (318) 676-3611 (v)
           (318) 676-3663 (f)
           Cytheria.Jernigan@usdoj.gov