**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Case No. 1:21-cr-605 (RC)** |
| | : | |
| **ISAAC WESTBURY,** | : | |
| **AARON JAMES,** | : | |
| **ROBERT WESTBURY, and** | : | |
| **JONAH WESTBURY,** | : | |
| | : | |
| Defendants. | : | |

**CONTESTED PROPOSED JURY INSTRUCTIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia and undersigned counsel, and the Defendants, Isaac Westbury, Aaron James, Robert Westbury, and Jonah Westbury, and their counsel, hereby file Contested Proposed Jury Instructions.

Date submitted: January 22, 2024

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/ Cytheria D. Jernigan
CYTHERIA D. JERNIGAN
Assistant United States Attorney
D.C. Bar No. 494742
Detailee to the United States Attorney's
Office for the District of Columbia
Cytheria.Jernigan@usdoj.gov

ANDREW S. HAAG
Assistant United States Attorney
MA Bar No. 705425
United States Attorney's
Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20530
Andrew.Haag@usdoj.gov

## GOVERNMENT'S PROPOSED JURY INSTRUCTION

### 2.107

### Burden of Proof—Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendants in this case to prove their innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense as to one of the defendants, it is your duty to find that defendant guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt as to any of the defendants, it is your duty to find that defendant not guilty of that offense.

### DEFENDANTS' REQUESTED MODIFICATION

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendants in this case to prove their innocence or to produce any evidence at all.

~~If you find that the government has proven beyond a reasonable doubt every element of a particular offense as to one of the defendants, it is your duty to find that defendant guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt as to any of the defendants, it is your duty to find that defendant not guilty of that offense.~~

If you find that the government has failed to prove any element of any particular offense beyond a reasonable doubt, you must find the defendant not guilty regarding that offense.

However, if you find that the government has proven beyond a reasonable doubt every element of a particular offense as to one of the defendants, you may convict; but are not required to convict.

[Explanation for defense objections: The government's (and Redbook's) proposal violates Article III, as well as the 5th and 6th amendments.  The Supreme Court has never upheld "must convict," "duty to convict," or "shall convict" jury instructions.  In fact, the only jury instructions ever given by the Supreme Court, in *Georgia v. Brailsford*, 3 U.S. (3 Dall.) 1 (1794) (back when the Court had original trial jurisdiction over some issues), informed the jury that jurors had authority to judge both the law and the facts.  Notably, one of the only federal judges ever impeached, Samuel Chase, was impeached in 1805 in part because Chase gave instructions similar to the Redbook instruction. One of the charges against Justice Samuel Chase in his impeachment trial was that he wrongly prevented an attorney from arguing to a jury that the law should not be followed.]

## **GOVERNMENT RESPONSE**

The Government opposes the requested modification to Jury Instruction No. 2.107. This Court should reject this modification to the burden of proof jury instruction.

The language the defendants have objected to is 1) part of several pattern instructions, 2) legally correct, and 3) without need of alteration.  Additionally, the defendants' proposed revision risks jury nullification. While the opinions cited in support of the requested modification certainly reference the jury's power, they do not support nullification. *See Jackson v. Virginia,* 443 U.S. 307, 317 n.10 (1979)(describing nullification without approving of it);  *Gregg v. Georgia*, 428 U.S. 153, 199 n.50 (1976)(referencing jury nullification without supporting it); *United States v. North*, 910 F.2d 843, 944 (D.C. Cir. 1990) (describing jury nullification as "a problem" but noting that concern was not before the court), *United States v. Wilson*, 629 F.2d 439, 443 (6th Cir. 1980) (discussing special verdict forms and making no reference to jury nullification).

The pattern jury instructions found in The Red Book regarding the presumption of innocence reads as follows:

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the

government has proven s/he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require [name of defendant] to prove his/her innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of [the] [a particular] offense with which [name of defendant] is charged, it is your duty to find him/her guilty [of that offense]. On the other hand, if you find the government has failed to prove any element of [the] [a particular] offense beyond a reasonable doubt, it is your duty to find [name of defendant] not guilty [of that offense].

The "duty to find him/her guilty" is supported by caselaw in the District of Columbia. *See e.g., United States v. Pierre*, 974 F.2d 1355 (D.C. Cir. 1992). In *United States v. Pierre*, the court also concluded that it was proper for the district court to instruct the jury that it was its "duty" to find the defendant guilty when the government had proven each element beyond a reasonable doubt. *Pierre*, 974 F.2d at 1355. This instruction reflects the holdings of both *Watts* and *Pierre. See also Baptist v. United States*, 466 A.2d 452 (D.C. 1983) (trial court's instruction on the jury's "duty" to convict was proper and complies with current case law—citing this instruction approvingly). In *Watts v. United States*, 362 A.2d 706 (D.C. 1976) (en banc), the D.C. Court of Appeals held that the jury must be told that where it finds the government has proved each element of the offense beyond a reasonable doubt, it is the jury's "duty" to find the defendant guilty.[1] *See also United States v. Gomez*, 725 F.2d 1121, 1131 (noting that Ninth Circuit Model Criminal Jury Instruction 3.5 stated that if the jury was "convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty" and finding this language was proper); *United States v. Brand*, 80 F.3d 560, 566 (1st Cir. 1996)(rejecting challenge to jury instruction stating that if the jury was "convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty")(original emphasis removed), *cert. denied sub nom. United States v. Aponte-Velasquez*, 519 U.S. 1077 (1997); *United States v. Heavlow*, 468 F.2d 842, 844 n. 3 (3d

---

[1] Although the Defendants cited local, non-federal cases, they are not binding; however, even those cases have approved of the language he objects to.

Cir. 1972) (quoting jury instruction with duty to convict language); *United States v. Scott*, 70 F.4th 846, (5th Cir. 2023) (prosecutor's remark in closing argument that the government had "proven its case beyond a reasonable doubt on each and every count" and it was the jury's "duty to convict" was not improper)

Both the D.C. Circuit and the D.C. Court of Appeals have rejected assertions that juries are entitled to an instruction apprising them of their "right" to nullify the law. *See United States v. Washington*, 705 F.2d 489 (D.C. Cir. 1983) (the fact that juries can abuse their power and return verdicts contrary to the law and instructions of the court, and thus nullify the criminal law, does not mean that courts must give such an instruction to the jury); *see also Ford v. United States*, 856 A.2d 591, 594 (D.C. 2004) ("a judge has an affirmative duty to eliminate any possibility of jury nullification"); *Reale v. United States*, 573 A.2d 13 (D.C. 1990) (we do not encourage jurors to engage in "jury nullification").

## GOVERNMENT'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS

### Counts One and Two[2]
### Obstructing Officers During A Civil Disorder
### (18 U.S.C. § 231(a)(3))

Counts One and Two of the Second Superseding Indictment charges the offense of obstructing law enforcement officers during a civil disorder, which is a violation of federal law. Count One charges solely defendant Aaron James with civil disorder. Count Two charges both Isaac Westbury and Aaron James for an additional violation of the civil disorder law.

Count One and Count Two also charge the defendants with attempt to commit the crime of obstructing officers during a civil disorder. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendants attempted the offense.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

*Second*, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

---

[2] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17), and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26); *see also United States v. Grider*, 21-cr-022 (CKK), 2022 WL 17829149, at *8 (D.D.C. Dec. 21, 2022) ("[T]he Court need not find that the defendant's actions in fact obstructed law officer officers. Rather, the Court need only find that the defendant committed or attempted to commit an act with the specific intent to obstruct law enforcement officers.").

*Third*, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

<u>Definitions</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[3]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[4]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[5]

---

[3] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).
[4] *See* 18 U.S.C. § 232(3).
[5] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[6]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[7]

---

by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971).").  For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 29-30).

[6] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

[7] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C.

<u>ATTEMPT[8]</u>

In Count One, the defendant Aaron James is also charged with attempt to commit the crime of obstructing officers during a civil disorder.  In Count Two, the defendants Isaac Westbury and Aaron James are both charged with attempt to commit the crime of obstructing officers during a civil disorder.  An attempt to commit obstructing officers during a civil disorder is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

*First*, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

*Second*, that the defendant took a substantial step toward committing obstructing officers during a civil disorder, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

---

§ 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9) (same).

[8] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.  *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 28); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30-32).

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstructing officers during a civil disorder.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

A defendant may be found guilty of the offense charged in Count One and the offense charged in Count Two if the defendants obstructed officers during a civil disorder, or attempted to obstruct officers during a civil disorder.  Each of these two ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in either one of these ways, you should find the defendant guilty, and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other way.

### <span style="color:red">DEFENDANTS' REQUESTED MODIFICATIONS</span>

<span style="color:red">Counts One and Two of the Second Superseding Indictment charges the offense of obstructing law enforcement officers during a civil disorder, which is a violation of federal law. Count One charges solely defendant Aaron James with civil disorder. Count Two charges both Isaac Westbury and Aaron James for an additional violation of the civil disorder law. Count One and Count Two also charge the defendants with attempt to commit the crime of obstructing officers during a civil disorder.</span>

<span style="color:red">First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendants attempted the offense.</span>

**<span style="color:red">Elements</span>**

<span style="color:red">In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:</span>

<span style="color:red">First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.</span>

Second, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder ~~in any way or degree obstructed, delayed, or~~ adversely affected either commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

**Definitions**

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, ==witnessed by the defendant==, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. ~~It also means commerce wholly within the District of Columbia.2~~

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.3

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, ~~such as Congress or the United Sates Capitol Police.4~~

~~For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.~~

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

## GOVERNMENT RESPONSE

The Government opposes the requested modifications. The defendants provide no statutory or legal authority for deviating from jury instructions regarding violations of 18 U.S.C. § 231(a)(3). The Government's proposed jury instruction regarding the Government's burden of proof adequately and sufficiently describes the basis upon which Isaac Westbury and Aaron James may

be convicted for this offense. The defendants seek to import a requirement that civil disorder applies only to those acts of violence witnessed by the defendant.  There is no such statutory requirement.  *See* 18 U.S.C. § 232(1).  The Government's proposed instruction tracks the definition found in the Code and defendants' effort to narrow its application should be rejected. Similarly, the defendants' requested modifications to the definition of "commerce" for Count 1 and Count 2 (18 U.S.C. § 231(a)(3)) would change that definition so entirely that it would say the opposite of what was proposed and what the law provides. *See* 18 U.S.C. § 232(2) ("The term 'commerce' means commerce (A) between any State or the District of Columbia and any place outside thereof; (B) between points within any State or the District of Columbia, but through any place outside thereof; or (C) *wholly within the District of Columbia.*") (emphasis added).

## GOVERNMENT'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS

### Count Three[9]
### Assaulting, Resisting, Or Impeding Officers
### (18 U.S.C. § 111(b))

Count Three of the Second Superseding Indictment charges defendants Isaac Westbury and Aaron James with assaulting, resisting, or impeding an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Count Three of the Second Superseding Indictment additionally charges that the defendants, in the commission of such acts, used a deadly or dangerous weapon. Count Three also charges defendants Isaac Westbury and Aaron James with aiding and abetting others to commit that offense.

You should consider first whether the defendant is guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, while using a deadly or dangerous weapon, or aiding and abetting others to do so. Whether or not you find the defendant guilty or not guilty, you must go on to consider whether the defendant is guilty or not guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties – without using a deadly or dangerous weapon – while making physical contact with the person or acting with the intent to commit another felony.  I will now discuss each of these offenses in turn.

---

[9] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

<u>Elements of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon</u>

To find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while using a deadly or dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with C.M.

*Second*, the defendant did such acts forcibly.

*Third*, the defendant did such acts voluntarily and intentionally.

*Fourth*, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, C.M., was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

*Fifth*, in doing such acts, the defendant intentionally used a deadly or dangerous weapon.[10]

<u>Elements of Assaulting, Resisting, or Impeding Certain Officers With Physical Contact or the Intent to Commit Another Felony</u>

To find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while making physical contact with the victim or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

---

[10] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

*First*, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with C.M., an officer from the Metropolitan Police Department;

*Second*, the defendant did such acts forcibly;

*Third*, the defendant did such acts voluntarily and intentionally;

*Fourth*, the person the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with, C.M., was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties; and

*Fifth*, the defendant made physical contact with C.M., or that the defendant acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count Two.

In order to find the defendant guilty of this offense, you must decide unanimously (1) whether the defendant's forcible conduct resulted in physical contact with C.M. or (2) whether the defendant acted with intent to commit Count Two while engaged in forcible conduct. The government does not have to prove both, but you must unanimously find, beyond a reasonable doubt, that the government proved one or the other or both in order to find the defendant guilty of this offense.

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another

and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[11]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[12]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or

---

[11] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).  For a January 6 case using this definition, see *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19).

[12] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.").  For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19-20).

obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.[13] In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it.

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.[14]

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty or assisting a

---

[13] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). For January 6 trials that have used a similar instruction, see *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15) and *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 27); *United States v. Easterday*, 22-cr-404 (JEB) (ECF No. 67 at 12). The correct standard is whether the object is *capable* of causing serious bodily injury, not whether it is *likely* to cause serious bodily injury. *See United States v. Samsel, et. al*, 21-cr-537 (Minute Order of Nov. 2, 2023) ("The Court has also declined to find that a deadly or dangerous weapon is one which is *likely* to cause serious bodily injury or death. The controlling precedent is this Circuit is clear that a deadly or dangerous weapon is any object which is *capable* of causing serious bodily injury or harm to another person." (emphasis in original) (citing *Arrington*, 309 F.3d at 45).).

[14] 18 U.S.C. §§ 831(g)(4), 1864(d)(1), & 1365(h)(3); USSG §1B1.1 n.1(M); *see also United States v. Easterday*, 22-cr-404 (JEB) (ECF No. 67 at 12).

federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[15]

## **AIDING AND ABETTING[16]**

In this case, the government further alleges that the defendants, Isaac Westbury and Aaron James, committed Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon, as charged in Count Three, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Three.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting, resisting, or impeding certain officers using a deadly or dangerous weapon because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

---

[15] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 20-21).
[16] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

First, that others committed Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assault with a deadly or dangerous weapon.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial

evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Three if the defendant committed Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon, attempted to Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon, or aided and abetted Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon. Each of these three ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon in any one of these three ways, you should find the defendant guilty of Count Three, and you need not consider whether the defendant committed the offense of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon in the other two ways.

## DEFENDANTS' REQUESTED MODIFICATIONS[17]

Count Three of the Second Superseding Indictment charges defendants Isaac Westbury and Aaron James with assaulting, resisting, or impeding an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

Count Three of the Second Superseding Indictment additionally charges that the defendants, in the commission of such acts, used a deadly or dangerous weapon.

Count Three also charges defendants Isaac Westbury and Aaron James with aiding and abetting others to commit that offense.

~~You should consider first whether the defendant is guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, while using a deadly or dangerous weapon, or aiding and abetting others to do so. Whether or not you find the defendant guilty or not guilty, you must go on to consider whether the defendant is guilty or not guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties without using a deadly or dangerous weapon while making physical contact with the person or acting with the intent to commit another felony.~~

[Note: the defense knows of no law, rule, statute, or court decision which directs the sequence in which the jury must (or "should") consider charges.]

I will now discuss each of these offenses in turn.

Elements of Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon

To find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while using a deadly or dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with C.M.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

---

[17] The government did not include the aiding and abetting instruction in the draft jury instructions provided to the Defendants. Thus, the Defendants did not have the opportunity to review the government's aiding and abetting instruction, and may have objections not stated here.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with C.M. was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such acts, the defendant intentionally used a deadly or dangerous weapon.

<u>Elements of Assaulting, Resisting, or Impeding Certain Officers With Physical Contact or the Intent to Commit Another Felony</u>

To find the defendant guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer of the United States who is engaged in the performance of his official duties, while making physical contact with the victim or acting with the intent to commit another felony, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with C.M., an officer from the Metropolitan Police Department;

Second, the defendant did such acts forcibly;

Third, the defendant did such acts voluntarily and intentionally;

Fourth, the person the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with C.M. was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or assisting officers of the United States who were then engaged in the performance of their official duties; and

Fifth, the defendant made physical contact with C.M., or that the defendant acted with the intent to commit another felony.

For purposes of this element, "another felony" refers to the offense charged in Count Two.

In order to find the defendant guilty of this offense, you must decide unanimously (1) whether the defendant's forcible conduct resulted in physical contact with C.M. ~~or~~ <mark>and</mark> (2) whether the defendant acted with intent to commit Count Two while engaged in forcible conduct. ~~The government does not have to prove both, but~~

<mark>[Note: the superseding indictment says "and," not "or."]</mark>

<mark>[Y]</mark>ou must unanimously find, beyond a reasonable doubt, that the government proved ~~one or the other or~~ both in order to find the defendant guilty of this offense.

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. ~~Physical force or contact is sufficient but actual physical contact is not required.~~ <mark>[Note: this sentence contradicts itself, and the previous sentences, as well as the plain dictionary meaning of "force."]</mark>

You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present and an explicit one.

[Note: the Supreme Court's recent ruling in *Bruen* did away with notions that mere presence while holding a weapon can be a "threat" or a crime.  Thus, merely "having the present ability to inflict bodily harm" cannot constitute this offense in the absence of explicit threats which are obvious to a reasonable person.]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, ~~including a touching offensive to a person of reasonable sensibility.~~

[Note: assault is a multifaceted term with different meanings in different contexts.  Mere-touching-type assault pertains mostly to sexual assault, not forcible assault of a riot cop during a public demonstration.]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings. An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it. The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty. It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty or assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

## GOVERNMENT RESPONSE

The Government opposes the requested modifications. The defendants provide no controlling authority for deviating from the jury instructions regarding violations of 18 U.S.C. §§ 111(a)(1) and (b). For this offense, Isaac Westbury and Aaron James are not charged with simply

possessing a weapon or only having the ability to inflict bodily harm upon law enforcement. A jury could find their conduct in and around the Lower West Tunnel violated 18 U.S.C. §§ 111(a)(1) and (b) in more than one way.  It is well established that where a statute may be violated by multiple means, the government may charge the statutory alternatives in the conjunctive (using the word "and"). In other words, where the statute says "or" the indictment should be pleaded as 'and' and may be proven as 'or.'" *See also Musacchio v. United States*, 136 S.Ct. 709 n.2 (2016) ("[W]e do not suggest that the Government adds an element to a crime for purposes of sufficiency review when the indictment charges different means of committing a crime in the conjunctive."); *United States v. Facen*, 2016 WL 471903 (2d Cir. Feb. 8, 2016). The defendants' reliance on *Bruen* is unavailing because the weapon at issue here was a law enforcement shield - not a firearm. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111 (2022). *Bruen* held that the Second Amendment, as incorporated against the States through the Fourteenth Amendment, "protect[s] an individual's right to carry a handgun for self-defense outside the home." *Id*.

**GOVERNMENT'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS**

**Count Four[18]**
**Entering Or Remaining In A Restricted Building Or Grounds**
**With A Deadly Or Dangerous Weapon**
**(18 U.S.C. § 1752(a)(1), (b)(1)(A))**

Count Four of the Second Superseding Indictment charges defendant Isaac Westbury and Aaron James with entering or remaining in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*, the defendant did so knowingly.

*Third*, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.[19]

---

[18] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

[19] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 34); *United States v. Schwartz, et al*, 21-cr-178 (APM) (ECF No. 172 at 24).

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One and Count Two.[20]

The term "deadly or dangerous weapon" has a similar meaning to the meaning in Count Three. An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death.[21] However, for purposes of this offense, unlike the offense in Count Two, the defendants need not have actually used the object in that

---

[20] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

[21] *See United States v. Christie*, 23-cr-5 (APM) (Order, ECF 64, at 3) (defining "deadly or dangerous weapon" under 1752(b)(1)(A) and noting that unlike for purposes of 18 U.S.C. § 111(b), "[t]he defendant need not have actually used the object in that manner").

manner. The term "serious bodily injury" has the same meaning described in the instructions for Count Three.

Lesser-Included Offense

In order to find the defendant guilty of the lesser offense of Count Four, that is, entering or remaining in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

*First*, the defendant entered or remained in a restricted building or grounds without lawful authority to do so; and

*Second*, the defendant did so knowingly.

Order of Deliberations

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds with a deadly or dangerous weapon. If you find the defendant guilty of that offense, do not go on to the lesser-included offense. However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds. And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

**DEFENDANTS' REQUESTED MODIFICATIONS**

Count Four of the Second Superseding Indictment charges defendant Isaac Westbury and Aaron James with entering or remaining in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. ~~After I give you the elements of these crimes, I will tell you in what order you should consider them.~~

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Third, the defendant knowingly used ~~or carried~~ a deadly or dangerous weapon during and in relation to the offense.

A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find a defendant guilty of Count Four unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in a restricted building or grounds.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, ~~or otherwise restricted~~ barricaded or walled off area of a building or grounds where the defendant knows a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One and Count Two.

~~The term "deadly or dangerous weapon" has a similar meaning to the meaning in Count Three.~~

An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant ~~carried it with the intent that it be~~ used it in a manner intended to cause ~~capable of causing~~ serious bodily injury or death. ~~However, for purposes of this offense, unlike the offense in Count Two, the defendants need not have actually used the object in that manner.~~ [a nonconventional "weapon" item only becomes a weapon upon use. Merely carrying an item that could potentially be used as a weapon cannot constitute this crime.]

The term "serious bodily injury" has the same meaning described in the instructions for Count Three. **Lesser-Included Offense**

In order to find the defendant guilty of the lesser offense of Count Four, that is, entering or remaining in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so; and

Second, the defendant did so knowing that a person protected by the Secret Service is or will be temporarily visiting.

Order of Deliberations Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of entering or remaining in a restricted building or grounds with a deadly or dangerous weapon. If you find the defendant guilty of that offense, do not go on to the lesser-included offense. However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds. And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge. This order will be reflected in the verdict form that I will be giving you.

[Again, we know of no law or case that commands jurors to consider charges in any particular order.]

## GOVERNMENT RESPONSE

The defendants propose incorporating good faith into the jury instruction. Good faith is not an affirmative defense but would tend to negate the requisite *mens rea* required for a knowing violation of entering and remaining a restricted building or grounds, and lawful authority to enter and remain in a restricted building or grounds could only come from certain official agencies. *United States v. Sheppard*, 2022 WL 17978837 at *7-8 (D.D.C. Dec. 28, 2022)(discussing the public authority defense and noting that unsettled nature of justification defenses based on good faith); *United States v. Grider*, 2022 WL 3030974 at *3-4 (D.D.C. Aug. 1, 2022)(rejecting defendant's good faith reliance request given a lack of assertion that the purported authorization said it was lawful and noting that even the President cannot "waive statutory law"); *United States v. Eicher*, 2023 WL 3619417 *2-4 (D.D.C. May 23, 2023).  If the defendants' contention is that they acted under good faith when entering the restricted area, then some evidence of the basis of their good faith belief is required. Lawful authority cannot emanate from the defendants themselves as the requested modification would instruct the jury. When looking to third parties as a source of lawful authority, courts have repeatedly rejected the notion that any speech given at the Ellipse approved defendants' conduct. *Id*. In addition, the defendants have not disclosed any

defense witness who works in law enforcement and was responsible for restricting the Capitol grounds on January 6th. As a result, the defendants fail to make a threshold showing warranting or supporting this deviation from the proposed jury instruction for Count 4 as submitted by the Government. On a related note, the defendants have not advised the Court whether they intend to assert a public authority defense and no notice has been provided as required by Fed. R. Crim. P. 12.3(a)(1).

With respect to the knowledge element, the government argues that element does not require the defendants to know *why* the building or grounds were restricted. Rather, the defendants only had to know the building or grounds were restricted. This Court has reached the same conclusion in response to an analogous question last spring regarding whether 1752(a)(1) and (2) requires knowledge that a Secret Service protectee was within the restricted building or grounds. *See United States v. Rhine*, No. 21-cr-687-RC, ECF No. 104, at *4 (Apr. 24, 2023) ("Nowhere does the statute even suggest that the defendant must know the details of the visit. Indeed, a contrary reading would defeat the protective purpose of the statute, as some degree of secrecy is often integral to Secret Service protection.").

**GOVERNMENT'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS**

**Count Five[22]**
**Entering and Remaining in a Restricted Building or Grounds**
**(Violation of 18 U.S.C. § 1752(a)(1))**

Count Five of the Second Superseding Indictment charges the defendants Robert Westbury and Jonah Westbury with entering or remaining in a restricted building or grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

*Second*, the defendant did so knowingly.

Definitions

The terms "restricted building or grounds," "person protected by the Secret Service," and "knowingly" have the same meaning described in the instructions for Count Four.

**DEFENDANTS' REQUESTED MODIFICATIONS**

Count Five of the Second Superseding Indictment charges the defendants Robert Westbury and Jonah Westbury with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

---

[22] *See, e.g.*, 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021); Final Jury Instructions, ECF No. 93 at 29. For a January 6 case using this instruction, *see United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6).

Second, the defendant did so knowing that a person protected by the Secret Service is or will be temporarily visiting.

Definitions

The terms "restricted building or grounds," "person protected by the Secret Service," and "knowingly" have the same meaning described in the instructions for Count Four.

## GOVERNMENT RESPONSE

The Government opposes the requested modifications.[23] The defendants provide no controlling authority for deviating from jury instructions regarding violations of 18 U.S.C. § 1752(a)(1). On the other hand, courts have rarely deviated from the instruction proposed by the Government. The defendants seek to modify *mens rea* to one closer to a specific intent offense. Knowingly has routinely meant that an act is done knowingly if a person realizes what he is doing and is aware of the nature of his conduct. For example, in *United States v. Eicher*, responding to a jury note after final instructions, Judge Howell explained it is not necessary that the defendant knew that she was entering an area where the Vice President was temporarily visiting. *United States v. Eicher,* 22-cr-38 (BAH) (ECF No. 83 at 1) (jury notes).

---

[23] *See, e.g.*, 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021); Final Jury Instructions, ECF No. 93 at 29. For a January 6 case using this instruction, *see United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6).

<u>**GOVERNMENT'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS**</u>

**Count Six[24]**
**Disorderly Or Disruptive Conduct In A Restricted Building**
**With A Deadly Or Dangerous Weapon**
**(18 U.S.C. § 1752(a)(2), (b)(1)(A))**

Count Six of the Second Superseding Indictment charges defendants Isaac Westbury and Aaron James with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

*Second*, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third*, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

*Fourth*, the defendant knowingly used or carried a deadly or dangerous weapon

---

[24] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

during and in relation to the offense.[25]

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[26] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[27]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[28]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Four.  The term "deadly and dangerous weapon" also has the same meanings described in the instructions for Count Four.

Lesser-Included Offense

In order to find the defendant guilty of the lesser offense of Count Six, that is, disorderly or disruptive conduct in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

---

[25] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 37); *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 25); *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 22), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 16).

[26] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[27] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).

[28] Redbook 6.643.

*First*, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

*Second*, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

*Third*, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon. If you find the defendant guilty of that offense, do not go on to the lesser-included offense. However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds. And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

**<u>DEFENDANTS REQUESTED MODIFICATIONS</u>**

Count Six of the Second Superseding Indictment charges defendants Isaac Westbury and Aaron James with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense.

~~After I give you the elements of these crimes, I will tell you in what order you should consider them.~~

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, ~~or in proximity to~~, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Fourth, the defendant knowingly used ~~or carried~~ a deadly or dangerous weapon during and in relation to the offense.

<u>Definitions</u>

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety. Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Four.

The term "deadly and dangerous weapon" also has the same meanings described in the instructions for Count Four.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count Six, that is, disorderly or disruptive conduct in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

~~Order of Deliberations Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon. If you find the defendant guilty of that offense, do not go on to the lesser-included offense. However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds. And if, after making all reasonable efforts to reach~~

a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge. This order will be reflected in the verdict form that I will be giving you.

## GOVERNMENT RESPONSE

The Government opposes the requested modification. The Defendants provide no statutory or legal authority for deviating from jury instructions regarding violations of 18 U.S.C. § 1752(a)(2), (b)(1)(A).

**GOVERNMENT'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS**

**Count Eight[29]**
**Engaging In Physical Violence In A Restricted Building Or Grounds**
**With A Deadly Or Dangerous Weapon**
**(18 U.S.C. § 1752(a)(4), (b)(1)(A))**

Count Eight of the Second Superseding Indictment charges defendants Isaac Westbury and Aaron James with engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

*Second*, the defendant did so knowingly.

*Third*, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

---

[29] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 30); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 34); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 40); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 18); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 40-41).

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Four.  The terms "deadly and dangerous weapon" also have the same meanings described in the instructions for Count Four.

<u>Lesser-Included Offense</u>

In order to find the defendant guilty of the lesser offense of Count Eight, that is, engaging in physical violence in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

*First*, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds; and

*Second*, the defendant did so knowingly.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon.  If you find the defendant guilty of that offense, do not go on to the lesser-included offense.  However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of engaging in physical violence in a restricted building or grounds.  And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

## DEFENDANTS' REQUESTED MODIFICATIONS

Count Eight of the Second Superseding Indictment charges defendants Isaac Westbury and Aaron James with engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider.

I will also instruct you on the lesser-included offense. ~~After I give you the elements of these crimes, I will tell you in what order you should consider them~~.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Third, the defendant knowingly used ~~or carried~~ a deadly or dangerous weapon during and in relation to the offense.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; ~~or damage to, or destruction of, real or personal property~~.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Four.

The terms "deadly and dangerous weapon" also have the same meanings described in the instructions for Count Four.

Lesser-Included Offense

In order to find the defendant guilty of the lesser offense of Count Eight, that is, engaging in physical violence in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person ~~or property~~ in, or in proximity to, a restricted building or grounds; and

Second, the defendant did so knowingly.

~~Order of Deliberations Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon. If you find the defendant guilty of that offense, do not go on to the lesser-included offense. However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of engaging in~~

~~physical violence in a restricted building or grounds. And if, after making all reasonable efforts to~~
~~reach a verdict on the first charge, you are not able to do so, you are allowed to consider this~~
~~lesserincluded charge. This order will be reflected in the verdict form that I will be giving you.~~

## **GOVERNMENT RESPONSE**

The Government opposes the requested modifications. The Defendants provide no

statutory or legal authority for deviating from jury instructions regarding violations of 18 U.S.C.

§ 1752(a)(4), (b)(1)(A).

**GOVERNMENT'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS**

### Count Nine[30]
### Disorderly Conduct in a Capitol Building or Grounds
### (Violation of 40 U.S.C. § 5104(e)(2)(D))

Count Nine of the Second Superseding Indictment charges the defendants, Isaac Westbury, Aaron James, Robert Westbury, and Jonah Westbury, with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

*Second*, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

*Third*, the defendant acted willfully and knowingly.

Definitions

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

---

[30] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, No. 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40).

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Six.

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[31]

The term "knowingly" has the same meaning described in the instructions for Count Four.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[32]

## DEFENDANTS' REQUESTED MODIFICATIONS

Count Nine of the Second Superseding Indictment charges the defendants, Isaac Westbury, Aaron James, Robert Westbury, and Jonah Westbury, with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

**Definitions**

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of

---

[31] *See United States v. Kelly*, No. 21-cr-708 (RCL) (ECF No. 101 at 17).

[32] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose. In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Six.

~~For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.~~

[Note: this is a question of fact for the jury, not a statement of law.]

The term "knowingly" has the same meaning described in the instructions for Count Four.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

### GOVERNMENT RESPONSE

The Government opposes this requested modification. The Defendants provide no statutory or legal authority for deviating from jury instructions regarding violations of 40 U.S.C. § 5104(e)(2)(D).

## GOVERNMENT'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS

### Count Ten[33]
### Act Of Physical Violence At The Capitol Building Or Grounds
### (40 U.S.C. § 5104(e)(2)(F))

Count Ten of the Second Superseding Indictment charges defendants Isaac Westbury and Aaron James with an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

*Second*, the defendant acted willfully and knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Count Eight, the threat of infliction of bodily harm is sufficient to meet this definition.

The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count Nine. The term "knowingly" has the same meaning described in the

---

[33] *United States v. Alberts*, 21-cr-26 (CRC) (ECF No. 147 at 20); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 36); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 43), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 19). *See also United States v. Jones*, 21-cr-213 (RJL) (ECF No. 75 at 9-10) (notes for bench verdict setting out elements and defining "act of physical violence" to include destruction of property).

instructions for Count Four. The term "willfully" has the same meaning described in the instructions for Count Nine.

## DEFENDANTS' REQUESTED MODIFICATIONS

Count Ten of the Second Superseding Indictment charges defendants Isaac Westbury and Aaron James with an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

**Definitions**

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; ~~or involving damage to, or destruction of, real or personal property.~~

~~For purposes of this offense, unlike the offense in Count Eight, the threat of infliction of bodily harm is sufficient to meet this definition.~~ The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count Nine.

The term "knowingly" has the same meaning described in the instructions for Count Four. The term "willfully" has the same meaning described in the instructions for Count Nine.

## GOVERNMENT RESPONSE

The Government opposes this requested modification. The Defendants provide no statutory or legal authority for deviating from jury instructions regarding violations of 40 U.S.C. § 5104(e)(2)(F).

## GOVERNMENT'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS

### Count Eleven[34]
### Parading, Demonstrating, or Picketing in a Capitol Building
### (Violation of 40 U.S.C. § 5104(e)(2)(G))

Count Eleven of the Second Superseding Indictment charges the defendants, Isaac Westbury, Aaron James, Robert Westbury, and Jonah Westbury, with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

Elements

In order to find one of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

*First*:          that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings; and

*Second*:      that the defendant acted willfully and knowingly.

Definitions

The terms "parade" and "picket" have their ordinary meanings.

The term "demonstrate" has its ordinary meaning, and includes conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[35]

The terms "United State Capitol Buildings" and "willfully" have the same meanings described in the instruction for Count Nine and the term "knowingly" has the same meaning described in the instruction for Count Four.

---

[34] *United States v. Barnett, 21-cr-38 (CRC) (ECF No. 158 at 23); United States v. Jensen, No. 21-cr-6 (TJK) (ECF No. 97 at 42); United States v. Williams, 21-cr-618 (ABJ) (ECF 122 at 40).*
[35] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *see also Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

## DEFENDANTS' REQUESTED MODIFICATIONS

Count Eleven of the Second Superseding Indictment charges the defendants, Isaac Westbury, Aaron James, Robert Westbury, and Jonah Westbury, with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

**Elements**

In order to find one of the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First: that the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings; and

Second: that the defendant acted willfully and knowingly.

**Definitions**

The terms "parade," "demonstrate" and "picket" have their ordinary meanings ~~The term "demonstrate" has its ordinary meaning,~~ and includes conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The terms "United State Capitol Buildings" and "willfully" have the same meanings described in the instruction for Count Nine and the term "knowingly" has the same meaning described in the instruction for Count Four.

## GOVERNMENT RESPONSE

The Government opposes this requested modification. The Defendants provide no statutory or legal authority for deviating from jury instructions regarding violations of 40 U.S.C. § 5104(e)(2)(G).