## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

*Plaintiff,*

**UNITED STATES OF AMERICA**


**v.**                                                    **Case No. 1:21-cr-605-01 (RC)**


**ISAAC WESTBURY,**

**AARON JAMES,**

**ROBERT WESTBURY, and**

**JONAH WESTBURY**

        *Defendant.*


### DEFENDANTS MOTION TO CONTINUE TRIAL

COMES NOW the defendants, Isaac, Jonah, and Robert Westbury and Aaron James, by and through their counsel of record, with this motion for a continuance of trial, on grounds of (1) medical necessity, (2) growing problems and potential for conflicts of interest among defendants, and (3) the need to research and prepare regarding the new allegations contained in the recent superseding indictment.  Trial is scheduled for February 12, 2024. The government filed a second superseding indictment on January 10, 2024—**waiting over a year after it first threatened to do so;** and until almost the very eve of trial.

The Speedy Trial Act and Case law suggests that defense lawyers must have at least 30 days following <u>arraignment</u> on a new felony charge to prepare for trial. To date, defendants have not yet been arraigned. Further, defense counsel are entitled to have time to file a full round of motions to dismiss the new charges if they find appropriate.

## I.      NECESSARY MEDICAL PROCEDURE SCHEDULED FOR FEB. 8.

The defense team's necessary case manager, research paralegal, discovery curator, and audio-visual coordinator is scheduled for medical procedures (which could entail surgery) in North Carolina on February 8. Recovery may require up to two weeks.

I attach her declaration to this motion.

This necessary paralegal had previous surgery in July 2023, and then was needed at the table of a trial the following week.  Unfortunately she continued having internal/external bleeding issues lasting weeks.  She visited a clinic in D.C. at the end of July, whereupon a physician sent her immediately to an emergency room.  She was kept overnight awaiting preparation for additional surgery.  However there were surgeons who expressed the opinion that further surgery was not necessary; and our paralegal declined to have the procedure.

Complications have continued over the previous six months. On January 9th, 2024, she had an exploratory procedure to determine the cause of the underlying issues, and the procedure was unable to be completed due to blockage.  She was then seen by her primary care physician on January 19th and is now scheduled for further invasive procedures out of state.

This appointment and procedure cannot realistically be rescheduled.  Due to the nature of the procedure and the specialty of the physicians, it would be extremely difficult, and potentially dangerous, to try to rebook the procedure.

This paralegal is the sole person in my firm with skills and computer capabilities capable of managing the audio and visual exhibits during the trial.

Her procedures will require several nights of travel two states away and the possibility of further surgery.  At minimum she will likely need two weeks of recovery.  Again, she is a necessary component of my trial team.  I cannot do the Westbury trial without her.

## II.     THE NEW SUPERSEDING INDICTMENT BRINGS CHANGES IN TRIAL STRATEGY, DEFENSES, AND POTENTIAL CONFLICTS.

Additionally, the Westbury defendants now have increasing differences in their defenses, given that the government's new superseding indictment ropes in an entire array of new discovery, new video and photographic imagery, and new allegations of violent conduct by some (but not all) defendants.  Trial preparation in this matter was suddenly and unexpectedly

transformed on January 10 to encompass conduct on an entirely different side of the Capitol. And now two of the defendants (but not the other two) are exposed to significantly harsher potential sentences.

This raises serious questions about growing conflicts of interest; as explained below.

### III.     THE GOVERNMENT OPPOSES THIS MOTION; HOWEVER THE GOVERNMENT WAITED OVER A YEAR TO SPRING ITS NEW CHARGES ON DEFENDANTS AT THE ELEVENTH HOUR.

The government has communicated its intent to oppose this motion.  However, the government's timing of its superseding indictment must be questioned, given that the government first threatened to file its superseding indictment in this case on August 12, 2022, *a year and a half ago*. Later, almost a year ago, on March 20, 2023, the government sent an email to the defense threatening to file superseding charges—***and linking the threat to the Westbury's rejection of plea offers.***  The defense then filed an "emergency notice regarding the United States' Unconstitutional Threats to Retaliate against Defendants for Declining Plea Offer." (ECF# 85), April 2, 2023.

Now, almost a year later, on the eve of trial, the government has finally filed its superseding indictment, while opposing any movement of the trial date so that defense counsel can research or prepare or file any motions.  Defendants submit that the government is not acting in good faith.

Significantly, the United States has offered no plea offer regarding the new superseding indictment.

This falls into the pattern of *Simms v. United States*, 41 A.3d 482 (D.C. 2012), where the prosecution is adding charges not in accordance with any newly discovered evidence, but plainly to punish defendants for exercising rights.  When the "government's thoughts about its case have 'crystallized,… it must be . . . where the Government announces to the court that it is ready to begin trial and present its evidence to the fact-finder." The government has not offered the defense any plea offer regarding the new indictment. Plainly, the additional felony charge here was designed to punish the defendants and chill others, while depriving the defendants of a realistic ability to defend themselves; nothing more.

As a court in this circuit put it, this sequence of events is "dispositive because… 'the very reasons the Supreme Court [in Goodwin] determined that the application of a presumption of

vindictiveness should be limited pretrial[ ] do not pertain' when the government 'signal[s] that it believes that the back-and-forth of pretrial litigation is over.'" *United States v. Allgood*, 610 F. Supp. 3d 239, 251 9 (D.D.C. 2022) (RDM) (distinguishing case from *Simms*, as the government never represented that it was ready to proceed to trial, and suggesting that if it had been, the outcome would be different).

**The timing of the government's new indictment brings a presumption of vindictiveness.**

The vindictive prosecution doctrine "'precludes action by a prosecutor that is designed to penalize a defendant for invoking any legally protected right available to a defendant during a criminal prosecution.'" United States v. Safavian, 649 F.3d 688, 692 (D.C. Cir. 2011) (quoting Maddox v. Elzie, 238 F.3d 437, 446 (D.C. Cir. 2001)). See United States v. Meadows, 867 F.3d 1305, 1311 (D.C. Cir. 2017) (same).

Prosecutorial vindictiveness is almost always concealed.  Cf. United States v. Meyer, 810 F.2d 1242, 1245 (D.C. Cir. 1987)). "Such a showing is normally 'exceedingly difficult to make.'" Maddox, 238 F.3d at 446 (quoting Meyer, 810 F.2d at 1245). See Meadows, 867 F.3d at 1312 (same). Specifically, a defendant "must show that "(1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse,' and (2) the defendant would not have been prosecuted except for the animus." United States v. Sanders, 211 F.3d 711, 717 (2d Cir. 2000) (cleaned up).

In this case, prosecutors routinely threatened to add charges to Aaron and Isaac in suggestive connection with the defendants refusing plea offers beginning a year and a half ago. Then, a mere month before trial, prosecutors unleashed a superseding indictment, adding significantly to the chronology and scope of the charges.  And the prosecution opposes any time for the defense to prepare or research the new allegations.

A defendant can establish a rebuttable "presumption of vindictiveness" by pointing to a

sequence of events that establishes "a realistic likelihood of 'vindictiveness'" that would be "applicable in all cases." Goodwin, 457 U.S. at 381, 384. See Blackledge v. Perry, 417 U.S. 21, 27 (1974). Such a "realistic likelihood" typically occurs only in a narrow set of circumstances, where a defendant exercises a right and the prosecutor responds by "upping the

ante," i.e., increasing the severity of the charges the defendant is facing, in a manner that would be likely to deter other defendants from exercising a similar right under the circumstances. Blackledge, 417 U.S. at 27-28. See Goodwin, 457 U.S. at 384. A court should consider "the timing of the prosecutor's actions" as well as the "nature of the right" that the defendant has exercised. Goodwin, 457 U.S. at 381-82. Thus, for example, "a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision," since the latter necessarily occurs at a time when "the prosecutor's assessment of the proper extent of prosecution may not have crystallized." Id. at 381.

## IV. THE SUPERSEDING INDICTMENT BRINGS LIKELIHOOD OF CONFLICTS OF INTEREST

Additionally, the new superseding indictment ushers in serious risks of conflict of interest for the four defendants.  The defendants are a family of four, with Robert Westbury being the father of Isaac, Jonah, and Aaron James (who has a different surname due to a prior marriage of Robert's wife).  Two of the defendants—Robert and Jonah—are charged with what have become known as "the four standard misdemeanors."  Aaron and Isaac, however, are charged with more serious offenses, including twenty year felonies (111(b) deadly weapon) counts).

This huge gap between the charges faced by Robert and Jonah on one hand; and Isaac and Aaron on the other hand, present glaring potential for a disjointed trial, with a danger of the violent-crime allegations of two defendants being blurred with the much-less-serious allegations faced by the other two.  And the new superseding indictment adds significantly to this problem.

Although the four 'Westbury defendants' arrived together on January 6, they ended up being separated into two groups throughout most of the day.  The two pair/groups had starkly differing experiences and locations at the Capitol.  Robert and Jonah are generally accused of going inside the US Capitol; while Aaron and Isaac are accused of resisting officers on both sides of the Capitol, assaulting officers with a deadly and dangerous weapon, and battling officers in "the tunnel" on the west side of the Capitol amid some of the worst violence of January 6.  In essence, the case can be separated into two separate and distinct narratives.

The new allegations expose all four defendants to even greater gaps and differences between the narratives of the two pair of defendants.  These two narratives involve starkly different evidence, testimony, locations, atmosphere, and circumstances.  The government has

added new—separate and distinct—allegations of resisting officers during a civil disorder for Aaron and Isaac, while leaving the charges faced by Jonah and Robert unchanged.

Thus, the trial of Aaron and Isaac will by necessity be a longer trial. With extensive violent footage from opposite sides of the Capitol, as well as imagery from the west side Tunnel—the most violent and savage footage of January 6.  Indeed the allegations against Aaron and Isaac place them at the scene of the death of Rosanne Boyland, who was brutally stomped and killed in the Tunnel at the same time and location.  This evidence will be starkly different from the evidence of Jonah and Robert (who is alleged to have spent most of his time inside the Capitol sitting on a bench while suffering health problems).

The government may argue that the new felony charges in the superseding indictment are insignificant.  Yet the case has now become a case alleging violent conduct on two separate sides of the Capitol, with a large array of new discovery, new CCTV footage, new officers and officer assignments, and new orientations regarding timing and roles in events.  The government has greatly enlarged the case into a case alleging Aaron and Isaac were factors in the initial breach of the Capitol on the east side.

For these reasons, the previous understanding of counsel that there are no potential conflicts between and among the four codefendant must be reassessed.


### v.    THE SPEEDY TRIAL ACT SUGGESTS DEFENSE COUNSEL IS ENTITLED TO A 30-DAY TRIAL PREPARATION PERIOD AFTER THE DATE OF ARRAIGNMENT.

The Speedy Trial Act states that "unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2).

The Supreme Court interpreted the language of § 3161(c)(2) in *United States v. Rojas-Contreras*. *United States v. Rojas-Contreras*, 474 U.S. 231 (1985). The Court held that "the Speedy Trial Act, of which § 3161(c)(2) is a part, does not *require* that the 30-day preparation period be restarted upon the filing of a superseding indictment." *Id.* (emphasis added).

However, in making their decision, the court considered some factors which are key to our issue. The superseding indictment in *Rojas-Contreras* was "identical with the original indictment in all

respects except that it [modified the date of the previous conviction." *Id*. at 232. Other than removing the word "rendered," the superseding indictment was the exact same.

*Rojas-Contreras* is unique, and the court's holding does not mean a 30-day trial preparation period can never be given. To begin, the Court in *Rojas-Contreras* considered the legislative history, "the 30-day trial preparation period was not included in the original Speedy Trial Act as it was enacted in 1975 but was incorporated into the Act with the 1979 amendments to the Act." *Id.* at 235 (citing Speedy Trial Act Amendments Act of 1979, Pub.L. 96-43, 93 Stat. 327). In addition to the legislative history, the Court made it clear that although the Act does not require that the 30-day trial preparation period be restarted upon the filing of a superseding indictment, "we do not hold that a defendant must always be compelled to go to trial less than 30 days after the filing of such an indictment." *Id.* at 236.

Because the superseding indictment in this matter is practically the complete opposite of "substantively identical" the court should allow for at least 30 days of trial preparation beginning on the date of arraignment.

Finally, the court found support for the court to grant a 30-day trial preparation within the language of the act. As the court mentioned, "Section 3161(h)(8) authorizes the trial judge to grant a continuance if 'the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Id.* (citing 18 U.S.C. § 3161(h)(8)).

Similarly, in *Jackson* the court pointed to § 3161 (h)(8) and reiterated that the court has discretion to grant a continuance for trial preparation "if it determines that the ends of justice so require." *Id.* (citing *Rojas*-Contreras, 474 U.S. at 236). Again, with the additional charge being filed in this matter, it would be nothing short of injustice to not grant a 30-day trial preparation period with the superseding indictment.

The court in *Eakes* further elaborated on § 3161(h)(8). The court stated that the ends of justice provision "authorizes a continuance in cases where a superseding indictment prejudices a defendant." *United States v. Eakes,* 783 F.2d 499, 502 (5th Cir. 1986).

As the government may argue, it is true that on various occasions the court has been reluctant to grant a thirty-day continuance after the return of a superseding indictment. However, those distinct cases are strikingly different from the present matter. The superseding indictment in those cases, had no substantive effect. See *United States v. Adu,* 770 F.2d 1411, 1513-14 (9th

Cir.1985) (new thirty-day period not required where new indictment merely corrected a clerical error and did not change alleged facts or charges); *United States v. Rush,* 738 F.2d 497, 510-11 (1st Cir.1984) (new thirty-day period not required where superseding indictment was identical in all respects except for the addition of a defendant); *United States v. Horton*, 676 F.2d 1165, 1170 (7th Cir.1982) (new thirty-day period not required where new indictment just reduced the number of counts of the same offense); *United States v. Todisco,* 667 F.2d 255, 260 (2d Cir.1981) (new thirty-day period not required where charges in superseding indictment were substantially the same and substantial discovery had taken place).

In this matter, the government's superseding indictment has added a new charge, a felony charge against the defendants. The superseding indictment is merely the opposite of those at issue when the court has rejected granting a 30-day trial preparation to defense counsel. Rather, the superseding indictment here largely alters and expands the substance of the indictment. It would be a grave injustice to not grant defense counsel a 30-day trial preparation period to adequately represent the defendants in this matter.

## V.   DEFENSE COUNSEL MUST HAVE TIME FOR A FULL ROUND OF MOTIONS TO DISMISS THE NEW CHARGES

In the present matter, the superseding indictment added additional charges, including a felony charge. The superseding indictment came only nineteen days before trial was scheduled to begin. As defense counsel has only been notified of the felony charge only nineteen days before trial, not granting a period for trial preparation would greatly prejudiced the defendants. "The authority of the District Court to grant an "ends of justice" continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant." *Rojas-Contreras,* 474 U.S. at 236.

In addition to a being highly prejudicial to the defendants, defense counsel must have time to file a full round of motions to dismiss the new charges. The Rules of Criminal Procedure support this position. "In general, a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12.

Rule 12 of the Federal Rules of Criminal Procedure states that defense counsel must file their motions to dismiss prior to trial. "The 1979 amendments to the Speedy Trial Act not only mandated the 30-day defense-preparation period, but also provided that one basis for granting a continuance is if 'the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation.'" *Id.* at 241 (Blackmun, H.,

concurring) (quoting 18 U.S.C. § 3161(h)(8)(B)(iv)). Without granting defense counsel a continuance to properly prepare, analyze, and strategy the superseding indictment, "the constitutional right to assistance of counsel is rendered meaningless." *Id*.

Defendant will also likely move for relief on grounds of vindictiveness. The government's threats to file superseding charges in this case were directly linked to the defendants refusing to plead guilty.  It is plain from the government's communications that the government had all the evidence and information needed to charge the Westburys with additional offenses at least a year and a half ago.  It was only upon the defendants' insistence upon exercising their constitutional right to jury trial that the government filed its new felony charges.

In *United States v. Velsicol Chemical Corp*., 498 F. Supp. 1255 (D.D.C. 1980), Judge Parker ordered dismissal of an indictment used as retaliation by the DOJ against a defendant where the United States threatened the defendant with new charges if the defendant didn't plead guilty. The defendant in *Velsicol Chemical Corp*. angered federal prosecutors by declining to plead guilty; instead pleading no contest and refusing to 'confess' to the allegations.

## VII.    CONCLUSION

Defendants' motion for continuance rests on three strong grounds. First, the case law interpreting the Speedy Trial Act under 18 U.S.C. § 3161(c)(2) suggests that when the superseding indictment substantively departs from the original indictment, a 30-day trial preparation period should be granted. Second, under § 3161 (h)(8), justice requires that defense counsel have adequate time to prepare to defend their clients against additional charges, especially felony charges which carry significant weight. Third and finally, defense counsel is entitled to have time to file a full round of motions to dismiss these new charges. Under the Federal Rules of Criminal Procedure motions to dismiss must be filed before trial. Without giving defense counsel enough time to prepare these motions, the Constitutional right to effective assistance of counsel is rendered meaningless.

Dated: January 28, 2024                                    Respectfully Submitted,

*/s/ John M. Pierce*
John M. Pierce
21550 Oxnard Street
3rd Floor, PMB #172
Woodland Hills, CA 91367
Tel: (213) 400-0725
Email: jpierce@johnpiercelaw.com

**CERTIFICATE OF SERVICE**

I, John M. Pierce, hereby certify that on this day, January 28, 2024, I caused a copy of the

foregoing document to be served on all counsel through the Court's CM/ECF case filing system.


/s/ John M. Pierce
John M. Pierce