## Rudolph Contreras

**From:** Tanya Johnson
**Sent:** Friday, February 2, 2024 5:44 PM
**To:** Rudolph Contreras
**Subject:** USA v. Westbury

**LEAVE TO FILE GRANTED**
*/s/ [signature]*
2/6/2024

FYI – Everyone is available on Feb 6 @ noon for a zoom status conference.

**From:** Haag, Andrew (USADC) <Andrew.Haag@usdoj.gov>
**Sent:** Friday, February 2, 2024 5:39 PM
**To:** Tanya Johnson <Tanya_Johnson@dcd.uscourts.gov>; John Pierce <jpierce@johnpiercelaw.com>
**Cc:** Jernigan, Cytheria (USADC) <Cytheria.Jernigan@usdoj.gov>; Roger Roots <rroots@johnpiercelaw.com>; Emily Lambert <elambert@johnpiercelaw.com>
**Subject:** RE: USA v. Westbury

**CAUTION - EXTERNAL:**

Good afternoon,

Given the issues raised by the defense, and the court having found the alternative date, the government would ask the court to continue the trial to March 4. The government regrets this development. However, in consideration of the extreme burdens to multiple parties—including out-of-state witnesses and government counsel—of traveling to Washington, D.C. for the trial, the government would consent to continuing the February 12 trial date at this juncture.

In addition, the government will be available for the proposed status hearing on February 6 at noon.

Thank you,

**Andrew S. Haag**
Assistant United States Attorney, Criminal Division
U.S. Attorney's Office for the District of Columbia
601 D Street NW, Washington, DC 20530
Desk: 202-252-7755
Cell: 202-740-2535

**From:** Tanya Johnson <Tanya_Johnson@dcd.uscourts.gov>
**Sent:** Friday, February 2, 2024 4:45 PM
**To:** John Pierce <jpierce@johnpiercelaw.com>; Haag, Andrew (USADC) <AHaag1@usa.doj.gov>
**Cc:** Jernigan, Cytheria (USADC) <cjernigan@usa.doj.gov>; Roger Roots <rroots@johnpiercelaw.com>; Emily Lambert <elambert@johnpiercelaw.com>
**Subject:** USA v. Westbury

Counsel,

1

I just received a response from Judge Contreras indicating he would like to schedule another zoom hearing for next Tuesday (2/6) at 12 noon, so please let me know of your availability. In addition, please be reminded that trial is still scheduled to go forward on 2/12.

Thank you,

Tanya Johnson

**From:** John Pierce <jpierce@johnpiercelaw.com>
**Sent:** Friday, February 2, 2024 4:39 PM
**To:** Haag, Andrew (USADC) <Andrew.Haag@usdoj.gov>; Tanya Johnson <Tanya_Johnson@dcd.uscourts.gov>
**Cc:** Jernigan, Cytheria (USADC) <Cytheria.Jernigan@usdoj.gov>; Roger Roots <rroots@johnpiercelaw.com>; Emily Lambert <elambert@johnpiercelaw.com>
**Subject:** RE: USA v. Westbury

**CAUTION - EXTERNAL:**

Adding Tanya back on to pass that along. Thank you.

**From:** Haag, Andrew (USADC) <Andrew.Haag@usdoj.gov>
**Sent:** Friday, February 2, 2024 4:32 PM
**To:** John Pierce <jpierce@johnpiercelaw.com>
**Cc:** Jernigan, Cytheria (USADC) <Cytheria.Jernigan@usdoj.gov>; Roger Roots <rroots@johnpiercelaw.com>; Emily Lambert <elambert@johnpiercelaw.com>
**Subject:** RE: USA v. Westbury

Okay, thank you for that information. I think that it would be appropriate that you pass the below along to the court.

**From:** John Pierce <jpierce@johnpiercelaw.com>
**Sent:** Friday, February 2, 2024 4:26 PM
**To:** Haag, Andrew (USADC) <AHaag1@usa.doj.gov>
**Cc:** Jernigan, Cytheria (USADC) <cjernigan@usa.doj.gov>; Roger Roots <rroots@johnpiercelaw.com>; Emily Lambert <elambert@johnpiercelaw.com>
**Subject:** [EXTERNAL] RE: USA v. Westbury

I do think that is highly likely. I just wanted to front this issue so that it does not take anyone by surprise and no one thinks it is just gamesmanship, etc.

I am not certain that will happen, and if it does happen, I'm not certain all four of them will do that. But I do think it is very likely.

**From:** Haag, Andrew (USADC) <Andrew.Haag@usdoj.gov>
**Sent:** Friday, February 2, 2024 4:15 PM
**To:** John Pierce <jpierce@johnpiercelaw.com>
**Cc:** Jernigan, Cytheria (USADC) <Cytheria.Jernigan@usdoj.gov>; Roger Roots <rroots@johnpiercelaw.com>; Emily Lambert <elambert@johnpiercelaw.com>
**Subject:** RE: USA v. Westbury

Hi John,

I took the court off of the chain for the moment.

To your sixth point, given the close time between the *Todd* trial and the start of this trial, are you also indicating that your clients will move to terminate your representation if the February 12 date holds?

If so, should we anticipate a motion to that effect?

Thank you,
Andrew

**From:** John Pierce <jpierce@johnpiercelaw.com>
**Sent:** Friday, February 2, 2024 3:47 PM
**To:** Anderson, Lauren Ashley (MP) (FBI) <LAANDERSON@FBI.GOV>; Jernigan, Cytheria (USADC) <cjernigan@usa.doj.gov>; Tanya Johnson <Tanya_Johnson@dcd.uscourts.gov>; Roger Roots <rroots@johnpiercelaw.com>; Emily Lambert <elambert@johnpiercelaw.com>
**Cc:** Haag, Andrew (USADC) <AHaag1@usa.doj.gov>
**Subject:** [EXTERNAL] RE: USA v. Westbury

March 4th is really impracticable for multiple reasons (indeed, we were planning to move to continue that trial but Judge Nichols beat us to the punch with his calendar needing to move it):

1) Mr. Roots will be attending his brother's wedding in Dallas that weekend and traveling back early in the week.
2) As of now, we have a trial on 2/26 before Judge Friedman for Stephanie Baez, so we would have no significant time between Baez and Westbury to prepare.
3) As of now, we have a trial on 3/18 before Judge Moss for Patrick Montgomery. It was previously anticipated that would be a stipulated trial, but the client has decided he wants to go to full-blown trial. Since the Westbury trial is anticipated to go two weeks, it would run directly into the Montgomery trial with no time between to prepare for the Montgomery trial.
4) We then have trials scheduled for 3/25 (Rebecca Lavrenz before this Court), 4/8 (Jared Kastner before Magistrate Judge Upadhaya), 4/22 (Jesse Rumson before Judge Nichols), 5/6 (Jeremy Rodgers before Judge McFadden), 5/20 (Deb Lee before Judge Jackson). With the pace of these trials, it is going to be near impossible to maintain the health of our team members, as well as the administrative viability of our small firm, unless we have some periods here or there with a couple weeks break from trial to attend to basic personal and firm-admin related needs.
5) We also have a new potential conflict issue emerging in which it appears one or more of the Defendants in the Westbury case are intending to now ask for a bench trial, and one or more are not. I continue to believe at this point it would be advisable for the Defendants to have an opportunity to consult with conflicts counsel to determine whether actual conflicts have now arisen that make joint representation unadvisable.
6) Also, I believe the Defendants are having grave concern about our schedule and the lack of time for preparation. I think it is extremely likely if a trial were rescheduled for March 4th, that one or all of the Defendants would move to terminate our representation.

Having said all that, I believe that the Brock case before Judge Nichols will likely be rescheduled for September. So that leaves open June, July and August. We would like to avoid early June due to the Lee trial starting on 5/20, the remainder of those three months are open for us. We would very respectfully prefer the trial date be in that time frame.

Thank you very much,
JMP

3