UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.:  21-605 (RC) |
| | : | 21-371 (RC) |
| | : | |
| ISAAC WESTBURY, | : | Re Document No.:   139 |
| AARON JAMES, | : | |
| ROBERT WESTBURY, and | : | |
| JONAH WESTBURY, | : | |
| | : | |
| | : | |
| Defendants. | : | |

# ORDER

**GRANTING GOVERNMENT'S MOTION TO EXCLUDE PROPOSED EXPERT TESTIMONY OF STEVEN HILL**

Defendants Isaac Westbury, Aaron James, Robert Westbury, and Jonah Westbury face trial on an eleven-count Second Superseding Indictment arising from their alleged conduct at the U.S. Capitol on January 6, 2021. *See* Second Superseding Indictment, ECF No. 122. In preparation for trial, Defendants filed a notice pursuant to Federal Rule of Criminal Procedure 16(c)(1)(C) informing the Government of their intent to call Steven Hill, a purported "expert in the fields of police use-of-force, self-defense, justified use of physical force, police hand-to-hand combat, police civil rights standards, and crowd control during mass demonstrations." *See* Notice and Disclosure of Defense Expert Witness Steven Hill ("Notice") at 1, ECF No. 131. Among other things, Hill would provide testimony regarding his "expert . . . evaluation of certain videos and other exhibits, the uses of force shown and contained therein, and relevant police training manuals and training curricula." *Id.* The Government seeks to exclude Hill's proffered expert testimony. *See* Gov't's Mot. Exclude Proposed Expert Test. Steven Hill ("Gov't's Mot."),

ECF No. 139.  Defendants have not filed an opposition.  Upon consideration of Defendants' Notice and the Government's motion, the Court grants the Government's motion to the extent it seeks to bar Defendants from eliciting expert testimony from Hill.  Hill will, however, be permitted to testify as a fact witness.

### I.  PROFFERED EXPERT TESTIMONY

According to Defendants' Notice, Hill has worked for over forty years in the field of law enforcement.  *See* Notice at 2; *see also* Defs.' Notice, Decl. of Steven Hill ("Hill Decl.") at 1, ECF No. 131-1.  Among other things, Hill's experience in law enforcement includes an eight-year stint "as the leader of the tactical SWAT team for the City of Albuquerque."  Notice at 1.  Over the course of his career, Hill has also acquired "more than [thirty] years of experience in training state, local and federal personnel regarding standard procedures regarding lethal and less lethal use-of-force."  Hill Decl. at 1.  More specifically, he has "trained thousands of police officers, including officers from throughout the world, in places such as Ukraine, China, Mongolia, Vietnam, Sri Lanka, and Jordan."  *Id.* at 2.  He has also "been involved in providing advanced training and assessment of federal officers who were trained at various officer training facilities along with the Federal Law Enforcement Training Center(s) which are [sic] one of the locations that the [U.S.] Capitol Police receive their basic training."  Notice at 2.  According to Hill, the basic training officers receive in these locations "includes training in the use of force, use of deadly force, use of excessive force, use of force continuum, reactive control models (reasonable officers' perception and reasonable officers' response to the use of force), demonstrator/riot control, use of less lethal tools and equipment, and other areas of training and assessment."  *Id.*

Defendants' Notice further explains that, since January 6, 2021, Hill "has had the opportunity to view over 1000 hours of [U.S.] Capitol video, police officer body worn cameras . . . , open source video, police officer 'after action' reports, [U.S. Capitol Police] and [Metropolitan Police Department] operating procedures related to use of force, deadly force, less lethal force, use of force continuum, [and] reactive control models." *Id.* at 3. Defendants state that Hill's review of these materials, coupled with his "real world experience," "gives him the expertise to review officer actions on Jan[uary] 6th and provide expert conclusions." *Id.* That being so, Defendants' Notice details seventeen "summary observations and expert opinions" to which Hill is prepared to testify. *See id.* at 4–7 (listing the seventeen observations and opinions).

The observations and opinions which Hill is prepared to offer include general observations regarding U.S. Capitol Police and D.C. Metropolitan Police Department ("MPD") trainings and instructions, *see id.* at 4–5; the ways in which law enforcement officers are trained to control crowds, use force, and respect protestors' First Amendment rights, *see id.* at 5–6; and the legal standards governing police use of force, *see id.* at 6. Hill is also prepared to offer more specific testimony. For instance, he intends to testify that, based on his "review of the relevant videos," (1) Defendants Isaac Westbury and Aaron James did not use "excessive force" during their interactions with law enforcement on January 6, *see id.*; (2) that Defendants Isaac Westbury and Aaron James did not "hold[] or pass[] a wooden stick" in such a way that it demonstrated an intent "that other protestors could use the stick as a weapon against officers," *see id.*; (3) that Defendants Isaac Westbury's and Aaron James's use of a police riot shield "to push ahead [in the tunnel] does not indicate that they used the shield for offensive purposes or to harm any officer," *see id.* at 7; and (4) that Defendants Isaac Westbury and Aaron James were "justified" in using force to escape the chaos of the situation, *see id.* Finally, Hill plans to testify that "[w]hen used

in a standard or conventional way, a plastic [police riot] shield does not generally cause bodily injury even where the shield may contact another individual," *see id.* at 6, and that "[p]olice wearing riot protection, helmets and body armor have greater-than-normal protection from physical harm," *see id.* at 7.

## II.  LEGAL STANDARDS

Before expert testimony may be admitted at trial, Federal Rule of Evidence 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), require a district court to act as "gatekeep[er]" by "ensur[ing] that any [such] testimony is based on" scientific, technical, or other specialized knowledge that "will assist the trier of fact to understand or determine a fact in issue." *United States v. McGill*, 815 F.3d 846, 903 (D.C. Cir. 2016) (quoting *Daubert*, 509 U.S. at 592); *see also United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 892 (D.C. Cir. 2010) ("[T]rial judges must act as gatekeepers to exclude unreliable expert testimony."). The Federal Rules place, on the party seeking to introduce an expert's testimony, the burden of establishing both the qualifications of the expert—that the witness is "an expert by knowledge, skill, experience, training, or education"—and the admissibility of the testimony—that "it is more likely than not" that the proffered testimony (a) will "help the trier of fact . . . understand the evidence or . . . determine a fact in issue"; (b) is "based on sufficient facts or data"; (c) is "the product of reliable principles and methods"; and (d) "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also McGill*, 815 F.3d at 903 ("The proponent of the expert testimony bears the burden to establish the admissibility of the testimony and the qualifications of the expert.").

The party offering the expert need not prove that the expert's opinions are correct, but rather that the expert is a qualified person who has reached his opinions in a methodologically reasonable manner. *See Ambrosini v. Labarraque*, 101 F.3d 129, 133 (D.C. Cir. 1996) (explaining that courts "must focus 'solely on principles and methodology, not on the conclusions that they generate'" (quoting *Daubert*, 509 U.S. at 595)); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152–53 (1999) (stating that the trial court's job is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field").

### III.  ANALYSIS

The Government moves to exclude Hill's expert testimony on two main grounds.  First, the Government argues that Defendants' Notice fails to comport with the requirements of Federal Rule of Criminal Procedure 16.  *See* Gov't's Mot. at 11–12.  Second, the Government argues that Hill's testimony does not satisfy the requirements of Federal Rule of Evidence 702. *See id.* at 12–14.  Although the Court disagrees with the Government's first argument, the Court agrees that Hill's purported testimony does not satisfy Rule 702.

#### A.  Federal Rule of Criminal Procedure 16

The Government first moves to preclude Hill's testimony on the ground that Defendants' Notice does not comply with the requirements of Federal Rule of Criminal Procedure 16(b)(1)(C)(iii).  *See id.* at 11–12. Under Rule 16, a defendant's disclosure for each expert witness must contain, "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief," "the bases and reasons for them," "the witness's qualifications, including a list of all publications authored in the previous 10 years," and "a list of

all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(b)(1)(C)(iii). Courts have explained that Rule 16(b)(1)(C) is "not intended to create unreasonable procedural hurdles." *United States v. Slough*, 61 F. Supp. 3d 103, 108 (D.D.C. 2014) (quoting Fed R. Crim. P. 16, 1993 advisory committee's note); *see also United States v. Slough*, 51 F. Supp. 3d 1, 7 (D.D.C. 2014) ("Only once has the D.C. Circuit approved the exclusion of an expert due to inadequacy of the Rule 16 disclosure.").

Here, contrary to the Government's contention, Defendants' Notice satisfies Rule 16(b)(1)(C)'s requirements. For one thing, the Notice provides a detailed list of the seventeen opinions that Defendants plan to elicit from Hill during the course of his testimony. *See* Notice at 4–7 (listing seventeen specific opinions that Defendants anticipate eliciting from Hill). Defendants' disclosure also makes clear that Hill's testimony will be based primarily on his expertise and long career in the law enforcement field, as well as his examination of relevant videos. *See id.* at 4–8; *see also Slough*, 51 F. Supp. 3d at 8 (finding disclosure sufficient where, among other things, it stated that experts' opinions would "be based on their expertise in the field and their examination of discovery"). And finally, the Notice satisfies Rule 16(b)(1)(C)(iii)'s other requirements by explaining Hill's qualifications, *see* Notice at 8–9, stating that he has not authored any publications in the last ten years, *id.*, and also conceding that he "has not testified as an expert witness in the last 4 years," *id.* at 9. Accordingly, the Court rejects the Government's argument that the Notice does not meet the criteria established by Rule 16.

### B. Hill's Qualifications

The Government next contends that Hill is not qualified to offer expert opinions on the noticed subjects. *See* Gov't's Mot. at 12–13. The Court agrees.

"[T]he qualifications of an expert witness" present "a threshold inquiry for the trial court." *United States v. Marshall*, 946 F.3d 591, 596 (D.C. Cir. 2020). Under Rule 702, an individual may qualify as an expert on the basis of his "knowledge, skill, experience, training, or education." *Id.* (quoting Fed. R. Evid. 702). Rule 702 encompasses "not only experts in the strictest sense of the word, e.g., physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values." *Sherrod v. McHugh*, 334 F. Supp. 3d 219, 270–71 (D.D.C. 2018) (citation omitted). To qualify as an expert, a witness need not "be recognized as a leading authority in the field in question or even a member of a recognized professional community." *United States v. Sutton*, 642 F. Supp. 3d 57, 65 (D.D.C. 2022) (quoting 29 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 6264.1 (2d ed. 2022)). Rather, "an expert may be qualified on the basis of his or her practical experience." *Khairkhwa v. Obama*, 793 F. Supp. 2d 1, 11 (D.D.C. 2011). But where, as here, "the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Id.* (citation omitted); *see* Notice at 8–9 (describing the career experiences that provide the bases for Hill's proffered testimony).

Two of the main topics on which Defendants anticipate Hill will testify are "law enforcement use-of-force tactics" and "the training and instruction given to law enforcement personnel on a national and local level, and how such could pertain to the U.S. Capitol on January 6, 2021." *See* Notice at 8. Defendants' Notice shows that there is a significant degree of overlap between these two areas of Hill's proposed testimony. For instance, Hill plans to testify that U.S. Capitol Police and MPD officers "are all trained and/or instructed to use physical force

7

in accordance with a use-of-force continuum." *Id.* at 4. According to Hill, "this use-of-force continuum dictates that officers must be responsive to levels of force used by combatants, rioters, or other non-officers." *Id.* at 5.

The problem, however, is that neither Hill's declaration nor his curriculum vitae, *see* Defs.' Notice, Steven Hill Curriculum Vitae, ECF No. 131-4, explain or illuminate how Hill's general experiences in law enforcement—including his experiences as an officer, supervisor, and trainer—qualify him to offer expert testimony regarding the specific use-of-force policies, trainings, or tactics employed by the U.S. Capitol Police and MPD. As another court in this district previously observed, "Hill's declaration claims no familiarity with the policies, procedures, or training of the Capitol Police or MPD and provides no basis for his knowledge about the use-of-force continuum as allegedly used by the law enforcement officers present at the U.S. Capitol on January 6, 2021." Mem. Op. and Order at 7, *United States v. Todd*, No. 22-cr-166 (D.D.C. Jan. 19, 2024), ECF No. 175. And although Hill makes assertions regarding how police officers are "*generally* trained . . . to use physical force" that corresponds proportionally to the threat posed by hostile or agitated crowds, *see* Notice at 5 (emphasis added), Hill does not explain how his knowledge and experience regarding these general teachings were applied (if at all) by U.S. Capitol Police or MPD on January 6, *see* Mem. Op. and Order at 8, *Todd*, No. 22-cr-166 (faulting Hill for "fail[ing] to demonstrate why [his] 'forty years of experience,' none of which involved MPD, Capitol Police, or the U.S. Capitol and its grounds, makes him qualified to testify about whether the officers present on January 6, 2021, were trained on and adopted the use-of-force continuum, as Hill understands it, or some other riot control technique"). Hill's lack of familiarity with the operations and tactics used by the law enforcement agencies involved in this case takes on further significance given that Hill himself acknowledges that "police training,

instructions, and training manuals and testing may vary slightly from department to department." *See* Notice at 5.

For these and other reasons, courts in this district have consistently found Hill unqualified to offer expert testimony regarding similar issues as those to which he seeks to testify here. *See* Mem. Op. and Order at 7, *Todd*, No. 22-cr-166 (excluding Hill's testimony in part because his declaration "claims no familiarity with the policies, procedures, or training of the Capitol Police or MPD"); *see also* Rough Tr. of Pre-Trial Conference, *United States v. Thomas*, No. 21-cr-552 (D.D.C. May 12, 2023) (expressing doubts that Hill is qualified as an expert to testify about the training and instruction given to MPD and U.S. Capitol Police and about whether law enforcement's use of force on January 6 violated their training and standards governing the use of force because Hill's curriculum vitae reflects no evidence of any personal knowledge, experience, training, or education in the MPD or U.S. Capitol Police); Minute Order, *United States v. Coffee*, No. 21-cr-327 (D.D.C. Jan. 17, 2024) (explaining that "[w]hile Mr. Hill . . . appear[s] to have many years of experience as [a] law enforcement officer[] (although [his] experience as a police officer is quite dated), and may have expertise on the use of force generally, [he] do[es] not appear to have any particularly relevant experience with respect to U.S. Capitol Police or [MPD] policies").

Separately, Defendants seek to call Hill to testify as an expert regarding certain actions they took on January 6 and what those actions supposedly show regarding their mindset at the time. *See* Notice at 6 (opining that "Isaac Westbury's actions—including his actions of holding and passing a wooden stick—were not intended so that other protestors could use the stick as a weapon against officers"); *id.* at 7 (opining that "Isaac Westbury's and Aaron James' actions of grabbing the shield and using it in the tunnel to push ahead does not indicate that they used the

shield for offensive purposes or to harm any officer"). Even assuming such testimony is admissible in the first place, *see infra* note 1, Defendants do not explain how Hill's "experience leads to the conclusion[s] [he] reached, why that experience is a sufficient basis for the[se] opinion[s], and how that experience is reliably applied to the facts" regarding Defendants' actions at the Capitol. *See Khairkhwa*, 793 F. Supp. 2d at 11 (citation omitted). As a result, the Court concludes, like other courts before it, that Hill is not qualified to testify as an expert on the noticed subjects. *See* Mem. Op. and Order at 9, *Todd*, No. 22-cr-166; Minute Order, *Thomas*, No. 21-cr-552 (D.D.C. May 12, 2023); Minute Order, *Coffee*, No. 21-cr-327 (D.D.C. Jan. 17, 2024).

### C.  Admissibility of Hill's Proffered Testimony

Even if Hill were qualified to testify about the general use of force by law enforcement officers at the U.S. Capitol on January 6, 2021 or Defendants' actions and mental state on that date, the Court is not persuaded that his proffered testimony satisfies Rule 702's admissibility requirements. Under Rule 702, the proponent of expert testimony must demonstrate that it is "more likely than not" that the testimony (a) will "help the trier of fact . . . understand the evidence or . . . determine a fact in issue"; (b) is "based on sufficient facts or data"; (c) is "the product of reliable principles and methods"; and (d) "reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also McGill*, 815 F.3d at 903.

To the extent that Hill intends to testify regarding the trainings, policies, or procedures—including the use-of-force continuum—purportedly used by the U.S. Capitol Police or MPD in relation to January 6, Defendants have failed to demonstrate that Hill's proffered testimony is "based on sufficient facts or data," is "the product of reliable principles and methods," and

"reflects a reliable application of the principles and methods to the facts of the case." *See* Fed. R. Evid. 702(b)–(d).  As discussed above, Hill's declaration does not establish that he has personal knowledge of the U.S. Capitol Police's or MPD's policies, procedures, or trainings. Nor does he mention any "specific trainings, manuals, procedures, [or] methodologies" that he reviewed in reaching conclusions regarding those agencies' practices.  *See* Mem. Op. and Order at 10, *Todd*, No. 22-cr-166.  Defendants' Notice cursorily asserts that Hill reviewed U.S. Capitol Police and MPD "operating procedures related to [the] use of force, deadly force, less lethal force, [the] use of force continuum, [and] reactive control models." Notice at 3.  But it does not provide any further specifics regarding the "facts or data" Hill allegedly assessed or the "principles and methods" he employed when studying these sources of information and drawing conclusions therefrom.  Accordingly, Hill's proffered testimony fails to satisfy Rule 702's most basic requirements.

Defendants have also failed to demonstrate the admissibility of Hill's proposed testimony regarding their specific actions on January 6 and what those actions may suggest regarding Defendants' mental state at the time.  This is in large part because Defendants do not explain how Hill's proposed testimony "will help the trier of fact to understand the evidence or to determine a fact in issue." *See United States v. Bostick*, 791 F.3d 127, 150 (D.C. Cir. 2015) (quoting Fed. R. Evid. 702).  For example, Defendants state that Hill will testify that "defendants [Isaac Westbury and Aaron James] [n]ever punched, kicked, or struck any member of law enforcement on January 6" and that those Defendants did not use "excessive force" while "on the lower west terrace of the Capitol around the tunnel entrance." Notice at 6; *see also* Hill Decl. at 2.  They also seek to have Hill testify regarding "the movements and actions of the crowd around Defendant[s]."  Notice at 8.  But Defendants' Notice makes clear that Hill's testimony in this

11

regard will be based entirely on his review of video footage from January 6. *See, e.g.*, *id.* at 6 (citing Hill's "review of the relevant videos" as the basis for his testimony); *id.* at 4 ("Hill has reviewed several films of the defendants' alleged conduct in this case along with defense counsel. Additionally, Mr. Hill reviewed a larger number of films of events in the same areas leading up to the alleged assault incidents."); *see also* Hill Decl. at 2. Presumably, those same videos will be shown directly to the factfinder. *See* Notice at 8 (explaining that, during trial, Hill will "examine the video footage surrounding [January 6] and provide testimony" regarding that footage). That being so, it is unclear what added value Hill's testimony offers. As this Court has previously explained, "when cases involve review of videotaped events, an expert's opinion should not be permitted when the expert is no better suited than the jury to interpret the video's contents." *Sherrod*, 334 F. Supp. 3d at 271 (citation omitted). Here, the trier of fact is equally well-suited to examine the relevant videos and determine for itself whether, for instance, Defendants "punched, kicked, or struck" any officers. *See* Mem. Op. and Order at 10–13, *Todd*, No. 22-cr-166 (explaining that Hill's "subjective opinions" about what video footage from police-worn body cameras depict would not aid the jury where those same videos would "be presented to the jury for their own independent review"); *see also Sherrod*, 334 F. Supp. 3d at 271–72 (prohibiting experts from opining on contents of video where "the jury [was] equally as capable as the experts" in interpreting the video).

    Finally, the Court finds Hill's testimony inadmissible to the extent Hill intends to testify to Isaac Westbury's and Aaron James's mental state at various points in time. To be more specific, Hill proposes to testify that "Isaac Westbury's actions—including his actions of holding and passing a wooden stick—were not intended so that other protestors could use the stick as a weapon against officers." Notice at 6; *see also* Hill Decl. at 2. He would also testify that "Isaac

Westbury's and Aaron James'[s] actions of grabbing [a police] shield and using it in the tunnel to push ahead does not indicate that they used the shield for offensive purposes or to harm any officer."[1]  Notice at 7; *see also* Hill Decl. at 2–3.  This proffered testimony is not based on any expertise obtained from Hill's experience as a law enforcement officer or any "scientific, technical, or other specialized knowledge."  *See* Fed. R. Evid. 702(a).  Moreover, as above, Hill reached these conclusions only by "review[ing] [relevant] videos."  *See* Notice at 6; Hill Decl. at 2–3.  And lastly, neither Defendants nor Hill describe any "principles or methods" (much less reliable ones) that Hill used to reach his conclusions regarding Defendants' intent.  *See* Fed. R. Evid. 702(c); *Arsanjani v. United States*, No. 19-cv-1746, 2023 WL 3231101, at *4 (D.D.C. May 3, 2023) (excluding expert testimony where testimony was "not supported by any principle or methodology, much less a reliable one" and was instead "based in large part on [the proposed expert's] subjective observations of a photo").  All that being so, Hill's testimony would be no different from that of "a lay person who reviewed limited information on behalf of a person with an interest in the outcome."  *See Sykes v. Napolitano*, 634 F. Supp. 2d 1, 8 (D.D.C. 2009).

In sum, the Court concludes—like all other courts in this district to have considered the issue—that Hill is not qualified to offer expert testimony, nor is his proffered testimony admissible under Rule 702.  *See, e.g.*, Mem. Op. and Order at 14, *Todd*, No. 22-cr-166 (collecting cases).  "When Hill has testified in other cases arising from the January 6, 2021 attack on the U.S. Capitol, he has done so only as a fact witness."  *See id.*  The Court will allow Hill to

---

[1] The Government argues that this testimony is barred by Federal Rule of Evidence 704(b), which provides that "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense."  *See* Gov't's Mot. at 13–14.  The Court need not reach this argument because Hill's proposed testimony is inadmissible under Rule 702.

13

do the same here: to the extent Defendants call Hill to testify, he will only be permitted to testify as a fact witness.

## IV.  CONCLUSION

For the foregoing reasons, the Government's Motion to Exclude the Proposed Expert Testimony of Steven Hill (ECF No. 139) is **GRANTED**.

**SO ORDERED**.

Dated:  April 23, 2024                                                     RUDOLPH CONTRERAS
                                                                                              United States District Judge