**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **JONAH WESTBURY,** | **Case No. 1:21-cr-371** |
| **Defendant,** | |
| **and** | |
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **ISSAC WESTBURY, et al.,** | **Case No. 1:21-cr-605** |
| **Defendants** | |

**SECOND CONFLICT COUNSEL REPORT**
**AND RECOMMENDATION TO THE COURT**

<u>Introduction</u>

On February 27, 2024, this Court issued an Order (ECF No. 160) ("Order") referring this case to Conflict Counsel.  In the Order, the Court references a motion to continue the trial that had been filed by Defendants' prior counsel.  In this motion to continue, the Defendants' prior counsel contended that the filing of a Second Superseding Indictment had created a substantial disparity in the state of the evidence against two of the Defendants vis-a-vis the other two Defendants.  In a related vein, prior counsel argued that government's case, as reflected in the Second Superseding Indictment, now involved two separate "narratives," one involving the two Defendants charged with more serious offenses -- Aaron James and Isaac Westbury -- and the other narrative involving the other two Defendants.  Consequently, according to this motion to continue, the

question of a potential conflict of interest needed to be "reassessed." Consequently the Order

reappointed undersigned counsel to evaluate these issues and report about them to the Court.

In discharging this responsibility, undersigned counsel has performed the following tasks:

- I have spoken with all of the Defendants as a group.

- I also have spoken with each of the Defendants individually.

- I have spoken with one of the prosecutors, Assistant United States Attorney Cytheria Jernigan.

- I have spoken twice with the Defendants' new counsel, Anthony Sabatini.

<u>Analysis</u>

As I did in my prior report to the Court as Conflict Counsel, I adopt in its entirety the

thoughtful and comprehensive analysis of the applicable law relating to conflicts of interest in this

context prepared by Santha Sonenberg, Esq., in Case Number 21-CR-0575 (EGS). A copy of Ms.

Sonnenberg's report previously was submitted separately to the Court because it was filed under

seal. In particular, I adopt Ms. Sonnenberg's analysis concerning Rule 1.7 of the District of

Columbia Rules of Professional Conduct in the context of multi-defendant criminal cases.

Further, according to my understanding, the doctrines of actual and potential conflict of interest

are aptly summarized in the following excerpt from *United States v. Galestro,* Case No,

06-Cr.-285, 2006 U.S. Dist. LEXIS 57416, *6-7 (E.D.N.Y. August 16, 2006), which, despite the

fact that it emerges from the Second Circuit, seems consistent with the relevant law of this Circuit:

> The right to the effective assistance of counsel . . . includes the right to be
> represented by an attorney who is free from conflicts of interest. *See, e.g., Wood
> v. Georgia*, 450 U.S. 261, 271, 101 S. Ct. 1097, 67 L. Ed. 2d 220 (1981). Under
> certain circumstances, a trial court is obliged to disqualify an attorney in order to
> protect the defendant's right to effective assistance of counsel where the attorney
> has "'(1) a potential conflict of interest that results in prejudice to the defendant, or

(2) an actual conflict of interest that adversely affects the attorney's performance.'" *United States v. Perez*, 325 F.3d 115, 125 (2003) (quoting *United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994)). Second Circuit case law clearly defines actual and potential conflicts. "An attorney has an actual, as opposed to a potential, conflict of interest when, during the course of the representation, the attorney's and the defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *Id*. at 125 (citations omitted). A potential conflict of interest exists if "'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" *Id*. (quoting *United States v. Kliti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). A conflict of interest, whether actual or potential, can be so serious that a rational defendant would never knowingly or intelligently desire the conflicted lawyer's representation. In such a case, the district court *must* disqualify the attorney, without regard to any waiver on the defendant's part.  *Levy*, 25 F.3d at 153; *see also United States v. Jones*, 381 F.3d 114, 120; *United States v. Schwarz*, 283 F.3d 76, 95 (2d Cir. 2002).

Applying these principles here to the facts I have learned from the record of this case and my above-referenced interviews, it is my conclusion that the alleged disparity of the evidence identified by the Defendants' prior counsel creates neither an actual nor a potential conflict of interest.  It is true that disparity of the evidence against defendants in multi-defendant cases can, in rare instances, provide a basis for severance of defendants.  *See, e.g., Valdez v. Sherman,* Case No. SACV 17-1935-GW (AS), 2019 U.S. Dist. LEXIS 228734; 2019 WL 8163472 (C.D. Cal. October 11, 2019).  The need for severance, however, even if it exists, typically does not appear to create a conflict of interest, according to the authority I have reviewed, since severance of defendants allows the newly severed cases to be tried sequentially.

Here, there does not appear to be even an argument for severance, based either on the alleged disparity of evidence or the allegedly different "narratives" that the two different groups of defendants identified by their prior counsel might elect to present to a factfinder.  This is because all parties, as well as all defendants, are in agreement that this case should be tried to the Court rather than to a jury.  I know this from the above-referenced interviews.  All cases I have reviewed, relating to the potential for severance based on disparity of the evidence, address a

3

concern about a *jury's* ability to properly segregate the evidence concerning each defendant, particularly when the evidence against one defendant is partticularly inflammatory compared to another.  I have found no case expressing such concern when a case is to be tried to the bench. Accordingly, even if it were is the case that the evidence against Defendants Aaron James and Isaac Westbury is much stronger and more inflammatory, and presents a different "narrative," from the evidence against the other two defendants, there is no cognizable concern that this Court, acting as the factfinder, would be unable to properly parse the evidence elicited as to each individual defendant.  Consequently, applying the above-referenced definitions, it is my conclusion that neither an actual nor a potential conflict of interest exists that would require the disqualification of the Defendants' current counsel, in whom all of the Defendants appear to have confidence.  I see no evidence that "inconsistent defenses" are contemplated in this case, in which one defendant's defense is hostile to another defendant's defense.  The existence of such inconsistent defenses could create additional issues.  *See, e.g., United States v. Wright,* 783 F.2d 1091, 1093-97 (D.C. Cir. 1986).  No defendant, however, appears to contemplate any such approach to this case, and it is difficult to see how such an approach to defending this case would be of tactical value.

  For these reasons, I conclude that no actual or potential conflict of interest exists relating to the joint defense, by one lawyer, of these four Defendants at trial.  Under these circumstances, I do not perceive a need for individualized inquiry of each Defendant by the Court, but of course

if the Court thought such an inquiry were appropriate, I am completely available to assist if the Court would like me to do so.

Respectfully Submitted,

/s/ Barry Coburn

_____

Barry Coburn, DC Bar No. 358020
Coburn, Greenbaum & Eisenstein PLLC
1710 Rhode Island Avenue, N.W.
Second Floor
Washington, DC 20036
Phone: (202) 643-9472
Fax: (866) 561-9712
barry@coburngreenbaum.com

<u>Certificate of Service</u>

I certify that a copy of this Report and Recommendation will be served on all counsel of record, this 10th day of May, 2024, using the Court's electronic filing system.

/s/ Barry Coburn

_____